IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

RT BOLINGBROOK, LLC,           )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 10 C 5145
                               )
KRAUS CARPET MILLS LIMITED,    )
et al.,                        )
                               )
            Defendants.        )

                        MEMORANDUM ORDER

    RT Bolingbrook, LLC ("Bolingbrook") has sued Kraus Carpet Mills Limited ("Kraus") and Tarkett Inc. ("Tarkett") on their guaranties of a lease on some industrial property, seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed, so that Bolingbrook has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte opinion dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

    As to Kraus and Tarkett, Complaint ¶¶2 and 3 properly identify both components of their corporate citizenship under 28 U.S.C. §1332(c)(1). But Bolingbrook's counsel has not done the same as to their own client, for all they say in Complaint ¶1 is this:

    Plaintiff is a Delaware limited liability company with
    its principal place of business in Delaware.

As that language reflects, Complaint ¶1 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime last year this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Bolingbrook's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Bolingbrook and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that can then lead to the vacatur of this judgment of

2

dismissal.[1]  Because this dismissal is attributable to Bolingbrook's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 18, 2010

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.

3